UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOCELYN COTLON, | ) | CASE NO. CV 04-06696 (RZ) |
| Plaintiff, | ) ) | |
| vs. | ) ) | MEMORANDUM OPINION AND ORDER |
| JO ANNE B. BARNHART, Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) ) | |

In this Social Security Disability review matter, Plaintiff claims that the medical expert upon whom the Administrative Law Judge relied was wrong in his assessment of Plaintiff. Plaintiff has been diagnosed as having sarcoidosis, a disease in which inflammatory cells develop in various parts of the body. The medical expert testified that "[f]atigue in itself is not a typical symptom, especially on an intermittent basis, for sarcoidosis." [AR 456] In this Court, Plaintiff says that fatigue *is* a symptom of sarcoidosis, and relies for this statement on the Merck Manual, copies of pages of which she attaches to her Memorandum in Support of Complaint.

This Court does not look at the evidence *de novo*, however, and does not determine whether an expert's opinion should have been admitted in the administrative proceedings. That was for the Administrative Law Judge to decide. This Court's function instead is to determine whether the decision denying the claim was based on substantial

evidence and is free from material legal error. *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). The Court itself does not determine whether the medical expert was right, but whether the Administrative Law Judge had evidence to support his decision.

The time to challenge the expertise of the testifying doctor, or the factual basis for his opinion, was at the administrative hearing. The Court notes that Plaintiff was represented by counsel at that hearing. Yet, at the hearing, Plaintiff's counsel did not challenge the medical expert's statement that fatigue is not a typical symptom of sarcoidosis, especially when speaking of intermittent fatigue. Nor did Plaintiff's counsel seek to introduce the Merck Manual, or any other similar medical evidence which Plaintiff might contend undermined the testimony of the doctor. Plaintiff did not claim surprise, or seek any continuance to develop any contrary evidence. Plaintiff did not assert that the expert was not qualified to testify and render an opinion.

Furthermore, it appears to the Court that the Merck Manual, on which Plaintiff now relies, is not inconsistent with the statement of the testifying expert. As cited to this Court, the Merck Manual states that fatigue may be one of the early symptoms of sarcoidosis in about one-third of people. (Plaintiff's Memorandum at 3:19-21.) That is not inconsistent with the medical expert's testimony that "fatigue *in itself* is not a typical symptom *especially on an intermittent basis.*" [AR 456 (emphasis added)]

In this Court, Plaintiff also cites two other medical sources from the Internet. One appears to be from the National Institute of Health, and simply lists symptoms for sarcoidosis, including shortness of breath (which Plaintiff also claims to have) and fatigue (said to be one of the most common symptoms in the pediatric population, but Plaintiff was 55 at the time of her hearing). The other, which appears to be either from something called the Liver Society or from the Illinois Department of Public Health, simply says that one of the early indications of sarcoidosis is shortness of breath.[1] Again, neither of these sources

---

[1] The exhibits attached to Plaintiff's Memorandum are incomplete, each having been printed in a way which cuts off words at the end of each line.

was presented to the medical expert at the evidentiary hearing, and neither really detracts from his testimony.

In short, the Administrative Law Judge did not err in relying on the testimony of the medical expert, whose testimony both summarized and buttressed evidence of record, such as pulmonary function tests which showed Plaintiff had the ability to work, with moderate restrictions. [AR 23, 25] Nor did the Administrative Law Judge err in assessing Plaintiff's complaints of pain. Consistent with the law of this circuit, *see Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991) (*en banc*), he described activities which belied Plaintiff's assertion that her pain was disabling. Together with the absence of objective evidence of active sarcoidosis — a factor which the Administrative Law Judge is entitled to take into account, *see Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001) — these activities showed that Plaintiff was not unable to do the kind of work she had in the past, performing paralegal services. At the least, the Administrative Law Judge was justified in so concluding.

The decision of the Commissioner is affirmed.

DATED:   November   15  , 2005

                                                     /s/
                              RALPH ZAREFSKY
                UNITED STATES MAGISTRATE JUDGE